# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>R. HAELEWYN, et. al.,<br><br>　　　　　Defendants.<br>_____/ | CV F   05 1251 AWI SMS P<br><br>FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. 2, 6.) |

　　　　Lonnie Williams ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on October 3, 2005, along with a Motion to Proceed In Forma Pauperis.  Finding the application deficient, the Court issued an Order on November 2, 2005, requiring Plaintiff cure the deficiencies of the Motion to Proceed In Forma Pauperis.  On December 14, 2005, Plaintiff moved for an extension of time to obtain the necessary documents and cure the deficiencies of the Motion.  However, as it has come to the attention of the Court that Plaintiff may be barred from bringing an action in forma pauperis under  28 U.S.C.§ 1915(g), the Court vacated its prior Order requiring Plaintiff to re-submit an Application to Proceed In Forma Pauperis.  This leaves the prior Motion intact and, although deficient, the Court resolves it here.

**A. IN FORMA PAUPERIS STATUS**

　　　　Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation without the full prepayment of costs and fees. 28 U.S.C. § 1915(a)(2).  The Prison

Litigation Reform Act ("PLRA"), however, amended Section 1915 to preclude the privilege of proceeding in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.§ 1915(g). "This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes cannot proceed IFP." Id. The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997.)

"'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim." Andrews, 398 F.3d 1t 116 n.1. Thus, once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from pursuing any other action in forma pauperis in federal court unless he is in "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g).[1]

The PLRA does not require a prisoner to demonstrate that § 1915(g) does not bar his request to proceed IFP. Andrews, 398 F.3d at 119. In some instances "the district court docket records may be sufficient to show that a prior dismissal satisfies at least one fo the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120. When applying 28 U.S.C. § 1915(g) the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under §1915(g)." Id. at 1121.

**B. APPLICATION OF 28 U.S.C. § 1915(g)**

---

[1] The Ninth Circuit has held that Section 1915(g) does not violate a prisoner's right of access to the courts, due process or equal protection; nor does it violate separation of powers principles or operate as an ex post facto law. Rodriguez v. Cook, 169 F.3d 1176, 1179-82 (9th Cir. 1999); see also Andrews, 398 F.3d at 1123 (nothing constitutionality of § 1915(g), but recognizing that "serious constitutional concerns would arise of § 1915(g) were applied to preclude those prisoners who filed actions who were not 'frivolous, malicious, or fail[ing] to state a claim' from proceeding IFP."

  As a preliminary matter, the Court notes that Plaintiff has alleged no facts that show he is in imminent injury of serious physical injury. See, 28 U.S.C. § 1915(g); Rodriguez v. Cook, 169 F 3d. 1176, 1178 (9th Cir. 1999.)  Plaintiff may not proceed in forma pauperis under Section 1915 if he has, on three prior occasions while incarcerated, had federal civil actions or appeals dismissed as frivolous, malicious or for failing to state a claim. See, 28 U.S.C. § 1915(g); Andrews, 398 F.3d at 1119-20; Rodriguez, 169 F.3d at 1178.

  In addition, "a court may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robingson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

  According to Court records, Plaintiff has had seven (7) prior actions which have been qualify as strikes under the PLRA.  The Court takes judicial notice of the following civil actions filed by Plaintiff and dismissed on the grounds that they failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.  See, Williams v. Lopez, CV F 99-6648 REC SMS  P (dismissed for failure to state a claim on January 28, 2000; Williams v. California,CV F 99-6612 OWW SMS P (dismissed January 28, 2000, for failure to state a claim); Williams v. Board, CV F 01-5526 AWI HGB P (dismissed December 20, 2001 - same); Williams v. Andrews, CV F 01-6222 REC HGB P (dismissed February 22, 2002 - same); Williams v. CDC, CV F 01-5926 AWI HGB P (dismissed January 29, 2002  - same); Williams v. Wood, CV F 01-6151 REC LJO P (dismissed February 28, 2002 - same); Williams v. Rendon, CV F 01-5891 AWI SMS P (dismissed March 18, 2002 - same).

  Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and does not presently allege facts sufficient to show that he is under imminent danger of serious physical injury, the Court will RECOMMEND that Plaintiff's in form pauperis status request be DENIED and he be required to submit full payment of the filing fees.

  Plaintiff may not pay the filing fee after being denied in forma pauperis status to revive his case. "[H]e must pay the fee at the time he initiates the suit." Dupree v. Palmer, 284 F.3d

1234, 1236 (11th Cir. 2002). Further, the dismissal of Plaintiff's action does not affect his substantive rights, nor does not block his access to the courts. Plaintiff may still pursue any claim after three qualifying dismissals but must do so without the assistance of the in forma pauperis procedures.

**C. CONCLUSION AND RECOMMENDATION**

Based on the above, the Court finds that Plaintiff has suffered three or more dismissals within the meaning of Section 1915(g) of the Prison Litigation Reform Act. In addition, the Court has examined the Complaint finds that the case presents no facts from which an inference can be drawn that Plaintiff was under any continuing or imminent danger of serious physical injury at the time the action was filed. 28 U.S.C. § 1915(g); Tierney v. Kupers, 128 F.3d 1310, 1311 (9th Cir.1997). Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's in forma pauperis status be DENIED.

The Court FURTHER ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 16, 2005**            **/s/ Sandra M. Snyder**
icido3                                                    UNITED STATES MAGISTRATE JUDGE