# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS, | 1:05-cv-01251-REC-SMS |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILING TO COMPLY WITH COURT ORDER |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR DEFENDANTS |
| HOELEWYN, et. al., | |
| Defendants. | |

Muharem Kurbegovich ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On January 20, 2006, the District Court adopted the Findings and Recommendations to revoke Plaintiff's In Forma Pauperis status and ordered him to pay the $150.00 filing fee within thirty days. The Court further ordered that the action be dismissed without prejudice if Plaintiff failed to pay the filing fee. Over thirty days have passed and Plaintiff has made no contact with the Court regarding the payment of the filing fee nor has he paid the filing fee.

Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these

1

Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as Plaintiff has not paid the filing fee. The Court cannot hold this case in abeyance indefinitely awaiting compliance by Plaintiff.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d 1424. The Court's order issued July 27, 2005, expressly forewarned Plaintiff of a dismissal in the event of his noncompliance. Thus, Plaintiff had adequate warning that dismissal could result from his

noncompliance with the court's order.

    Accordingly, the Court HEREBY ORDERS:

1. The instant action is DISMISSED without prejudice for Plaintiff's failure to comply with the Court Order and pay the filing fee following the revocation of his in forma pauperis status.

2. The Clerk of Court is DIRECTED to enter judgment for defendants.

IT IS SO ORDERED.

**Dated: March 15, 2006**          **/s/ Robert E. Coyle**
668554                                         UNITED STATES DISTRICT JUDGE